■ EUGENIA WEGORZEWSKI, Respondent, et al., Plaintiff, v. DE MATTIA MACHINE & TOOL COMPANY, INC., Defendant-Appellant and Third-Party Plaintiff-Appellant. R. C. MOLDING, INC., Third-Party Defendant-Respondent.—In this action the female plaintiff seeks to recover damages for personal injuries sustained by her while operating a plastic injector machine for her employer, R. C. Molding, Inc.; and her husband seeks to recover damages for medical expenses and loss of her services. Plaintiffs sued only the manufacturer of the machine, defendant De Mattia Machine & Tool Company, Inc. The manufacturer, as third-party plaintiff, has interposed a third-party complaint against the employer as a third-party defendant. After a jury trial, the court at the close of the case dismissed the husband's cause of action and the third-party complaint; and the jury then returned a verdict of $12,000 in favor of the female plaintiff and against the defendant manufacturer. Thereafter, on May 31, 1960, judgment of the Supreme Court, Nassau County, was entered in favor of the female plaintiff against the manufacturer, and in favor of the employer third-party defendant against the manufacturer, dismissing the latter's third-party complaint. The manufacturer appeals from the judgment. Judgment, insofar as it is in favor of the female plaintiff and against the manufacturer, defendant De Mattia Machine & Tool Company, Inc., reversed on the facts and, as between the female plaintiff and such defendant, the action is severed and a new trial granted, with costs to abide the event. Judgment, insofar as it is in favor of the employer, the third-party defendant R. C. Molding, Inc., affirmed, with costs to such party payable by the manufacturer, the third-party plaintiff. On April 9, 1958, defendant manufacturer delivered the plastic injector machine to the female plaintiff's employer. As the operator faced the machine, there was a stationary platen to the right and a movable platen to the left. In front of the two platens was a "safety gate", which the operator opened by hand in order to take out the finished products which, in this instance, were plastic eye sockets for dolls' heads. When tested on April 15 and 16, 1958, it was found that the machine was different from prior models delivered to and used by said female plaintiff's employer. In the prior models, if the safety gate was opened by the operator before the movable platen reached its furthermost back position, the platen moved back, away from the stationary platen, and stopped, with the result that the operator could safely reach into the machine and remove the finished product. However, on the machine in question, if the safety gate was opened by the operator before the movable platen reached its furthermost back position, the movable platen would go forward and contact the stationary platen before the machine would come to a stop. It was only if the safety gate was opened by the operator when the movable platen reached its furthermost back position, that the movable platen would stop and not go forward. For this reason, as a warning to its operators, the said employer on April 17, 1958, before the machine was put in operation, placed on its safety gate a sign reading: "Do not open gate until die is in full open position." The next day, April 18, the female plaintiff operated the machine and, apparently in disregard of the warning sign, opened the safety gate before the movable platen was in its full open position, with the result that this platen moved forward and amputated her thumb when it (the movable platen) contacted the stationary platen. After the accident, defendant manufacturer redesigned the machine so that the movable platen would not move forward even if the safety gate were opened before such platen was in its full open position. This action was brought on the theory that the operator's (the female plaintiff's) injuries were caused by a defective microswitch, which allegedly failed to stop the movable platen from moving forward when the safety gate was opened. *Inter alia*, the court charged the jury without exception that, if the injured

plaintiff's employer warned the employees that the machine could be used only if certain safeguards were adopted, the defendant would not be liable to such plaintiff. Although the complaint and bill of particulars alleged that the machine in question was improperly designed, the case was not submitted to the jury on that theory. As stated, plaintiffs proceeded on the theory that the platen moved forward only because the microswitch which controlled the current was defective. A finding that there was such a defect is against the weight of the evidence. In any event, the third-party complaint by the defendant manufacturer against the female plaintiff's employer was properly dismissed. Defendant manufacturer could be liable to plaintiffs only on proof that it manufactured a defective machine, which would constitute it an active wrongdoer, thus precluding recovery over against the employer. Besides, there was no proof of negligence on the part of the employer in installing or adjusting the machine. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.